Slip Op 09 - 50

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| NUCOR CORPORATION, GERDAU AMERISTEEL, INC., and COMMERCIAL METALS COMPANY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Before: **MUSGRAVE, Senior Judge** |
| | : | Consol. Court No. 07-00457 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| EKINCILER DEMIR ve CELIK SANAYI A.S., EKINCILER DIS TICARET A.S., HABAS SINAI ve TIBBI GAZLAR ISTIHSAL ENDUSTRISI A.S., COLAKOGLU DIS TICARET A.S., COLAKOGLU METALURJI A.S., KAPTAN DEMIR CELIK ENDUSTRISI ve TICARET A.S., KAPTAN METAL DIS TICARET ve NAKLIYAT A.S., DILER DEMIR CELIK ENDUSTRISI ve TICARET A.S., DILER DIS TICARET A.S., TAZICI DEMIR CELIK SANAYI ve TURIZM TICARET A.S., KROMAN CELIK SANAYII A.S., | : | |
| | : | |
| Defendant-Intervenors. | : | |

## JUDGMENT

This matter having consolidated complaints filed on behalf of the plaintiff members

of the domestic U.S. industry and of the intervenor-defendant foreign manufacturers and exporters

Ekinciler Demir ve Celik Sanayi A.S. and Ekinciler Dis Ticaret A.S. ("Ekinciler"), each contesting

aspects of *Certain Steel Concrete Reinforcing Bars from Turkey; Final Results of Antidumping Duty Administrative Review and New Shipper Review and Determination to Revoke in Part*, published by the International Trade Administration, U.S. Department of Commerce ("Commerce") at 72 Fed. Reg. 62630 (Nov. 6, 2007),  and the members of the domestic industry having voluntarily dismissed their complaints and Ekinciler having interposed a motion for judgment on the agency record developed in connection therewith; and the court in slip opinion 09-30, 33 CIT ___ (Apr. 14, 2009), having granted Ekinciler's motion to the extent of remand to Commerce for the purpose of recalculating Ekinciler's costs of production without imputing depreciation for the so-called "melt shop modernization account," the nature of which the court remarked was "uncontroverted" since the evidence of record in opposition to Ekinciler's proof thereon amounted to mere speculation or conjecture, with no finding by Commerce that the account was other than as represented by Ekinciler, notwithstanding that the account was maintained among its books and records as a so-called "capitalized asset," and Commerce, in its remand results, expressing dissatisfaction with that portion of the opinion concerning Commerce policy on the treatment foreign exchange losses (Commerce reiterating that Ekinciler failed to exhaust its administrative remedies because it never gave Commerce "the opportunity to explain its policy," which Commerce continues to aver is described in *Dynamic Random Access Memory Semiconductors of One Megabit or Above From the Republic of Korea*, 66 Fed. Reg. 52097 (Oct. 12, 2001), but which review precedes by a year and a half the policy announced in *Certain Preserved Mushrooms from India: Preliminary Results of Antidumping Administrative Review*, 68 Fed. Reg. 11045, 11048 (Mar. 7, 2003) ("we will normally include in the interest expense computation *all* foreign exchange gains and losses") (italics added),

and concerning which exhaustion of administrative remedies is inapplicable because (1) under that

doctrine all that is required is a brief statement alerting the agency to a plaintiff's position such that

the agency can address it, *see*, *e.g.*, *China Steel Corp. v. United States*, 2 CIT 715, 740-41, 264 F.

Supp. 2d 1339, 1364 (2003), and which requirement Ekinciler met in its administrative case brief,

*see*, *e.g.*, Pl.s' Reply at 14, and (2) it is well-settled that it is incumbent upon the agency, presumed

to know its own policies, to explain any deviations therefrom, *see*, *e.g.*, Slip Op. 09-30 at 5 and cases

cited, and the court therefore considering such argument of Commerce without merit), and

Commerce further expressing dissatisfaction with the court's order because Commerce's intent "was

to properly match costs to the periods that benefitted from such costs" and averring further that

"Ekinciler received a benefit during the [period of review] from the capitalization of these expenses

as an asset in its financial statements" and that "[t]he capitalization of this asset helped generate

revenues over the periods subsequent to the 2001 financial crisis, including the POR, impacting

Ekinciler's cost of production," but without further specifics explaining such rationalization or

speculation, which appears to be *post hoc* in any event, and Commerce's remand having otherwise

complied with the court's order and resulting in a recalculated dumping margin of 0.11 percent; now,

therefore, in view of the foregoing, it is hereby

ORDERED, ADJUDGED and DECREED that defendant's Final Results of

Redetermination Pursuant to Court Remand (May 14, 2009), be, and they hereby are, sustained.

                                        /s/  R. Kenton Musgrave
                                        R.  KENTON MUSGRAVE, Senior Judge

Dated: May 22, 2009
        New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____      By: _____
                                              Deputy Clerk